UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>DIFFUSION PHARMACEUTICALS INC., ROBERT COBUZZI, JR., JANE H. HOLLINGSWORTH, ALAN LEVIN, ROBERT ADAMS, MARK T. GILES, and DIANA LANCHONEY,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Diffusion Pharmaceuticals, Inc. ("Diffusion" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with EIP Pharma, Inc. ("EIP").[1]

2. On March 30, 2023, z Diffusion, Diffusion's wholly owned subsidiary Dawn Merger Sub Inc. ("Merger Sub") and EIP entered into an Agreement and Plan of Merger (the

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction." In addition, an affiliate of Irenic Capital Management LP ("Irenic") will also be a minority investor.

"Merger Agreement"). The Merger Agreement provides that Diffusion and EIP will combine, with EIP common stock converted into the right to receive Diffusion shares equal to the exchange ratio ("Exchange Ratio"), which is expected to be approximately 0.1659 pre-split shares of Diffusion's common stock for each share of EIP common stock.[2]

2. The Company's corporate directors subsequently authorized the June 16, 2023, filing of the materially incomplete and misleading Form 424B3 Prospectus (the "Prospectus") with the SEC. The Prospectus, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Prospectus in violation of Sections 14(a) and 20(a) of the Exchange Act.

3. It is imperative that the material information omitted from the Prospectus is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

4. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Exchange Ratio is estimated to be within a range of approximately 0.0207 (assuming a reverse split ratio of 1-for-8) to 0.1106 (assuming a reverse split ratio of 1-for-1.5) post-split shares of Diffusion common stock. Upon closing of the Proposed Transaction, Diffusion's and EIP's current stockholders will own 24.68% and 75.32% of the combined company, respectively.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for August 15, 2023.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.  Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

8.  Plaintiff is, and has been at all times relevant hereto, the owner of Diffusion common stock.

9.  Defendant Diffusion is a Delaware corporation with its principal executive offices located at 300 East Main Street, Suite 201, Charlottesville, Virginia 22902. Diffusion's shares trade on the Nasdaq Capital Market under the ticker symbol "DFFN." Diffusion is a biopharmaceutical company which has historically focused on developing novel therapies that may enhance the body's ability to deliver oxygen to the areas where it is needed most. Diffusion's most advanced product candidate, trans sodium crocetinate ("TSC"), has been investigated and developed to enhance the diffusion of oxygen to tissues with low oxygen levels. In connection with the Proposed Transaction, the Company paused its previously

announced Phase 2 study of TSC and is continuing to explore sale or out-licensing transactions for TSC.

10. Defendant Robert Cobuzzi, Jr. has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

11. Defendant Jane H. Hollingsworth has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Alan Levin is and has been a director of the Company at all times relevant hereto.

13. Defendant Robert Adams is and has been a director of the Company at all times relevant hereto.

14. Defendant Mark T. Giles is and has been a director of the Company at all times relevant hereto.

15. Defendant Diana Lanchoney is and has been a director of the Company at all times relevant hereto.

16. Defendants identified in paragraphs 11-15 are collectively referred to herein as the "Board" or the "Individual Defendants."

17. **SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

18. On March 30, 2023, the Company and EIP jointly announced in relevant part:

PITTSBURGH BOSTON and CHARLOTTESVILLE, Va., March 30, 2023 (GLOBE NEWSWIRE) -- EIP Pharma Inc. (EIP Pharma), a privately held clinical-stage company focused on developing treatments for neurodegenerative diseases, and Diffusion Pharmaceuticals Inc. (Diffusion or Diffusion Pharmaceuticals) (NASDAQ: DFFN), today announced that the companies have entered into a definitive merger agreement for an all-stock transaction forming a publicly traded, combined company that will focus on the advancement of EIP

Pharma's pioneering pipeline of oral stress kinase inhibitors, including its lead drug candidate neflamapimod, which is currently being developed for the treatment of dementia with Lewy bodies (DLB).

"With this proposed merger, we are creating a leading company focused on developing treatments for neurodegenerative diseases, beginning first with neflamapimod for the treatment of dementia with Lewy bodies, the second most common type of dementia after Alzheimer's disease, and for which there are currently no approved treatments," said John Alam, MD, Chief Executive Officer of EIP Pharma.  "We believe neflamapimod is poised to be the first to market disease-modifying drug therapy for DLB, with the potential to reverse and possibly slow the progression of synaptic dysfunction that contributes to the hallmark neurological decline associated with this devastating disease.  The combined company will leverage an experienced drug development and leadership team, and we expect it to be well capitalized to advance neflamapimod through to Phase 2b clinical data."

"This transaction is the result of a thorough strategic review process led by Diffusion's board of directors and executive team initiated in 2022 to identify and negotiate the most compelling, value-enhancing transaction for Diffusion stockholders.  From this, EIP Pharma's clinical programs, management team and corporate strategy stood out amongst the many bids we received," said Robert J. Cobuzzi, Jr., Ph.D., Chief Executive Officer of Diffusion Pharmaceuticals.  "We believe this proposed merger is opportunistic and exciting for our shareholders, as EIP has built a robust pipeline of highly needed CNS therapeutic candidates, and we are highly confident in the capabilities of John and his team to support the leadership of the combined company.  Taken together, we are thrilled at the prospect of combining our resources and expertise to join EIP's unwavering commitment to treat patients with neurodegenerative diseases."

**Upcoming Anticipated Catalysts/Milestones**

EIP Pharma has several anticipated catalysts and development milestones for neflamapimod through to the end of 2024, including:

- Presentation of Phase 2a clinical data in an oral presentation at the upcoming AD/PD™ 2023 International Conference on Alzheimer's and Parkinson's Diseases and related neurological disorders, being held March 28 – April 1, 2023, in Gothenburg, Sweden

- Initiate Phase 2b clinical study evaluating neflamapimod in patients with DLB during the second quarter of 2023

- Closing of the merger with Diffusion in mid-2023

- Publication of additional results from the Phase 2a clinical study in DLB in a peer-reviewed medical journal in the second half of 2023

- Completion of enrollment into the Phase 2b clinical study in DLB in the first half of 2024

- Reporting of data from placebo-controlled portion of the Phase 2b DLB study during the second half of 2024

EIP Pharma was recently awarded a $21 million grant from the National Institutes of Health's National Institute on Aging (NIA) that will fully fund development costs associated with the planned Phase 2b study. The NIA grant funds will be disbursed over the course of the study as costs are incurred.

**About the Proposed Merger**

Under the terms of the merger agreement subject to approval by EIP Pharma and Diffusion stockholders and satisfaction of other customary closing conditions, EIP Pharma will merge with a newly-created subsidiary of Diffusion. Immediately after the merger, the current equity and convertible debt holders of EIP Pharma are expected to own, in the aggregate, approximately 77.25% of the total number of outstanding shares of common stock of the combined company and the current stockholders of Diffusion are expected to own approximately 22.75%, in each case calculated on a fully diluted and as-converted basis, subject to adjustment as set forth in the merger agreement based on, among other things, the amount of Diffusion net cash (as defined in the merger agreement) at the closing date.

The combined company is expected to be renamed "CervoMed" and continue to trade on the Nasdaq Capital Market under a new ticker symbol, CRVO. The combined company would be headquartered in Boston, Massachusetts and led by a team with extensive drug development and leadership expertise, including John Alam, MD, Chief Executive Officer; Robert Cobuzzi, Jr., PhD, Chief Operating Officer; William Tanner, PhD, Chief Financial Officer; Kelly Blackburn, MHA, Senior Vice President, Clinical Development; and William Elder, General Counsel and Corporate Secretary. Sylvie Gregoire, PharmD, the current Chair of EIP Pharma, will serve as Chair of the Board of Directors for the combined company. The combined company's Board of Directors is expected to be composed of seven members, consisting of Dr. Gregoire, Jeff Poulton, currently EIP Pharma's Chair of the Audit Committee, Jane Hollingsworth, JD, currently Diffusion's Board Chair, Frank Zavrl, Dr. Marwan Sabbagh, Dr. Alam and Dr. Cobuzzi.

The merger agreement has been approved by the Boards of Directors of both companies. The merger is expected to close in mid-2023, subject to approvals by EIP Pharma and Diffusion stockholders, the effectiveness of a registration statement to be filed by Diffusion with the Securities and Exchange Commission (SEC) to register the shares of Diffusion common stock to be issued to EIP Pharma security holders in connection with the merger, and other customary closing conditions.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. is serving as legal counsel to EIP Pharma. Canaccord Genuity is serving as financial advisor to Diffusion, and Dechert LLP is serving as legal counsel to Diffusion.

**The Materially Incomplete and Misleading Prospectus**

19. The Board caused to be filed the materially incomplete and misleading Prospectus with the SEC on July 13, 2023 The Prospectus, which recommends that Diffusion stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) EIP's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Canaccord Genuity LLC ("Canaccord"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for EIP*

20. The Prospectus fails to disclose material information concerning the financial forecasts for the Company, including the *unlevered* free cash flows of EIP for calendar years 2023 through 2036 used by Canaccord in its *EIP Discounted Cash Flow Analysis*, or clarification that the free cash flows for EIP set forth on page 134 of the Prospectus are the unlevered free cash flows used in its *EIP Discounted Cash Flow Analysis*.

21. The Prospectus also fails to disclose the line items underlying EIP's forecasted EBIT and Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Canaccord's Financial Analyses*

22. The Prospectus fails to disclose material information concerning Canaccord's financial analyses.

23. With respect to the *EIP Discounted Cash Flow Analysis* performed by Canaccord, the Prospectus fails to disclose: (a) EIP's *unlevered* free cash flows used in the analysis, or clarification that Canaccord used the "free cash flows" for EIP set forth on page 134 of the Prospectus; (b) EIP's terminal values, or Canaccord's basis for assuming no terminal value for EIP; and (c) EIP's fully diluted outstanding shares.

24. With respect to the *Diffusion Selected Reverse Mergers Analysis* performed by Canaccord, the Prospectus fails to disclose the individual financial metrics for each of the transactions analyzed.

25. With respect to Canaccord's *EIP Selected Public Companies Analysis* and *EIP Selected Initial Public Offering Precedent Analysis*, the Prospectus fails to disclose the individual financial metrics for each of the companies and initial public offerings analyzed.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

26. The Prospectus fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including the details of any communications or negotiations concerning Company directors or officers' participation in the combined company.

27. The Prospectus similarly fails to disclose whether any of EIP's proposals or indications of interest mentioned management or director participation in the combined

company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

28. The omission of the above-referenced information renders statements in the "Certain Unaudited Long-Range Financial Projections of EIP's Business," "Opinion of Diffusion's Financial Advisor," "Background of the Merger," and "Interests of the Diffusion Directors and Executive Officers in the Merger" sections of the Prospectus materially incomplete and misleading in contravention of the Exchange Act.

29. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Diffusion**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Diffusion is liable as the issuer of these statements.

32. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

33. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

35. The Prospectus is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Diffusion within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Diffusion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 21, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*